IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **JOSEPH L. BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 10-cv-142-JPG |
| | ) | |
| **ZACK ROECKMAN,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, an inmate currently confined at the United States Penitentiary locate in Pine Knot, Kentucky (USP-McCreary),, brings this action for deprivations of his constitutional rights. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell*

*Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 821 (7th Cir. 2009).

**THE COMPLAINT**

On January 10, 2009, while confined at the Marion County Law Enforcement Center pending sentencing on federal charges, Plaintiff suffered a seizure and was taken to the Salem Township Hospital. Examination of Plaintiff at the hospital revealed that the seizure was due to an adverse reaction to barbiturates. Plaintiff states that he was not on any prescribed barbiturates, that during his time at the jail he had no contact visits, and that none of his meals were served to him by other prisoners. Therefore, Plaintiff concludes that the only way he could have ingested barbiturates is if it were surreptitiously served to him by correctional staff intending to harm him. Plaintiff claims that Defendant Roeckeman, the Administrator of the Marion County Law Enforcement Center, failed to provide him a safe facility free from cruel and unusual punishment. Plaintiff claims that Defendant Milner was in charge of all federal prisoners.

**DISCUSSION**

In order to state a claims under the Eighth Amendment that the Defendants failed to adequately protect him from harm at the hands of corrections staff, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims.  *See McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter,* 501 U.S. 294, 302 (1991).  The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment.  *See Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992).  The objective analysis examines whether the conditions of confinement "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994). The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities.  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim.  The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted.  *Jackson*, 955 F.2d at 22.  The subjective component requires a prison official had a sufficiently culpable state of mind. *See Wilson*, 501 U.S. at 298; *McNeil*, 16 F.3d at 124.  In this case, the relevant state of mind is deliberate indifference to inmate or safety.  The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).  A failure of prison officials to act in such circumstances

suggests that the officials actually want the prisoner to suffer the harm.  *Jackson*, 955 F.2d at 22.

Assuming the allegations are true, corrections officers surreptitiously slipping barbiturates to Plaintiff without his knowledge is an "objectively serious" action.  The instant complaint, however, fails to allege that either Defendant Roeckeman or Milner had actual knowledge prior to Plaintiff's seizure that corrections officers were slipping barbiturates to him.  There is, for example, no allegation that this had happened to Plaintiff or other inmates on prior occasions or that the act was well known, but ignored by the Defendants.  In short, the complaint fails to allege facts from which the Court may reasonably infer that the Defendants were deliberately indifferent to the risk of harm.  Accordingly, Plaintiff's complaint must be dismissed for failing to state a claim upon which relief may be granted.

## DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A.  Accordingly, this action is **DISMISSED** with prejudice.  Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: July 14, 2007.**

                                            **s/ J. Phil Gilbert**
                                            **U. S. District Judge**