IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSEPH L. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-cv-142-JPG |
| | ) |
| ZACK ROECKMAN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This action is before the Court to rule on Plaintiff's motion to reconsider (Doc. 19) this Court's order dismissing his complaint pursuant to 28 U.S.C. § 1915A. Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure. The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch,* 981 F.2d 299, 300 (7th Cir. 1992). When, as here, the motion is filed within 28 days of the entry of judgment, whether the motion is analyzed under Rule 59(e) or Rule 60(b) depends upon the substance of the motion, not on the timing or label affixed to it. *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006). When the substance and the label of the post-judgment motion are not in accord, district courts are directed to evaluate it "based on the reasons expressed by the movant." *Obriecht v. Raemisch,* 517 F.3d 489, 493 (7th Cir. 2008) (*quoting Jennings v. Rivers,* 394 F.3d 850, 855 (10th Cir. 2005)). In this case, the

substance of Plaintiff's motion is that he was unable to draft a viable complaint because he does not understand the legal process and he had no access to a law library.  As such, Plaintiff's motion sounds like a motion under Rule 60(b).

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect."  FED.R.CIV.P. 60(b)(1).  However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

Upon review of the record, the Court remains persuaded that its ruling dismissing the case pursuant to 28 U.S.C. § 1915A was correct.  Therefore, the instant motion (Doc. 19) is **DENIED**.

**IT IS SO ORDERED.**

**Dated: October 5, 2010.**

　　　　　　　　　　　　　　　　　　　　s/ J. Phil Gilbert
　　　　　　　　　　　　　　　　　　　　**U. S. District Judge**